<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EFREN POLICARPO VACA FLORES,<br><br>*Plaintiff,*<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Defendants.* | Civil Action No. 26-5446<br><br>**OPINION AND ORDER**<br><br>July 16, 2026 |

**THIS MATTER** comes before the Court upon Petitioner Efren Policarpo Vaca Flores's ("Petitioner") Emergency Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 11.)  Respondents filed opposition thereto.  (ECF No. 12.)  The Court has considered the parties' submissions, the record before it, and the Court's prior Text Order entered on June 10, 2026.  (ECF No. 10.)  For the reasons set forth below, Petitioner's Motion is **DENIED**.

A motion for reconsideration is an extraordinary remedy that may be granted only upon a showing of an intervening change in controlling law, newly discovered evidence, the need to correct a clear error of law or fact, or the need to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration may not be used merely to relitigate issues already considered by the Court or to present arguments that could have been raised previously.  *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Petitioner argues that reconsideration is warranted because the Court's June 10, 2026 Order improperly characterized his Petition for a Writ of Habeas Corpus as presenting only a challenge

to the length of his detention under 8 U.S.C. § 1231(a) and failed to consider his additional claims under the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA").  (ECF No. 11 ¶¶ 7-12.)  Petitioner further argues that Respondents failed to comply with statutory requirements governing his detention, including provisions concerning the removal period and post-removal-period supervision under 8 U.S.C. § 1231.  (*Id.*)

The Court has considered Petitioner's arguments and finds that reconsideration is not warranted.

Respondents have submitted competent evidence demonstrating that Petitioner is detained pursuant to a final order of removal entered *in absentia* on June 17, 2014.  (ECF No. 8-4.)  Petitioner does not dispute the existence or validity of that removal order.   Accordingly, Petitioner's detention is governed by the statutory framework applicable to individuals subject to final orders of removal.  *See* 8 U.S.C. § 1231.

Petitioner contends that because his removal order became final in 2014, the statutory removal period expired years ago and Respondents were required to comply with the supervision requirements set forth in 8 U.S.C. §§ 1231(a)(2), 1231(a)(3).  (ECF No. 1 ¶ 4.)  Petitioner argues that Respondents' alleged failure to follow those requirements renders his detention unlawful.  (*Id.*)

The Court disagrees.  Even assuming Petitioner's factual allegations are true, the alleged violations do not establish that Petitioner is entitled to immediate release. Specifically, § 1231(a)(3) addresses the Government's supervision obligations following the expiration of the removal period; it does not provide that a failure to comply with those obligations invalidates an otherwise lawful detention or creates a right to release.  Petitioner remains subject to a final order of removal, and he has not identified any statutory provision requiring his release based solely upon an alleged violation of §§ 1231(a)(2), 1231(a)(3).

To the extent Petitioner challenges the constitutionality of his continued detention, his claim is governed by the framework established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, detention following a final order of removal is presumptively reasonable for a period of six months. Here, Petitioner was detained on May 8, 2026, and had been detained for approximately one month at the time of the Court's June 10, 2026 Order. (*See* ECF No. 1 ¶ 3; ECF No. 10.) Petitioner has not demonstrated that his removal is not significantly likely in the reasonably foreseeable future or otherwise established that his detention violates the constitutional limitations recognized in *Zadvydas*.

Petitioner also contends that his detention was unlawful because he is a derivative beneficiary of a pending U-visa application and because Respondents allegedly failed to comply with internal ICE enforcement procedures applicable to individuals with pending immigration benefit applications. (ECF No. 11 ¶¶ 2-6.) These arguments do not warrant reconsideration. A pending U-visa application does not, standing alone, confer lawful immigration status, prevent enforcement of a final order of removal, or create a statutory entitlement to release from custody. Moreover, Petitioner has not identified a statute or binding regulation that prohibited Respondents from detaining him while his application remained pending.

Petitioner also contends that Respondents violated the APA because ICE failed to comply with internal enforcement procedures applicable to certain U-visa beneficiaries. (*See* ECF No. 11-1.) Petitioner relies on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), which recognizes that an agency must follow its own regulations that have the force and effect of law. (ECF No. 1 ¶ 41.) Petitioner, however, has not identified any statute, regulation, or other binding legal authority that prohibited Respondents from detaining him pursuant to his final order of removal. Rather, Petitioner relies on agency enforcement guidance. (ECF No. 11-1.) Such

3

guidance does not, without more, create a judicially enforceable right to release or restrict an agency's statutory authority to detain an individual subject to a final order of removal.

The Court has also considered Petitioner's reliance on the preliminary injunction entered in *Immig. Ctr. for Women and Children v. Noem*, No. 25-09848, 2026 WL 1455004 (C.D. Cal. May 20, 2026). (ECF No. 9 at 2; ECF No. 11 ¶¶ 10-11.) That decision, however, concerned DHS's alleged failure to comply with 8 U.S.C. § 1227(d)(1), which governs requests for administrative stays of removal by certain U- and T-visa applicants.[1] The California court held that the statute requires a determination by the Secretary of Homeland Security regarding whether the underlying petition presents a *prima facie* case for approval before denying such a request. *Immig. Ctr. for Women and Children*, 2026 WL 1455004, at *42.

Here, that statutory framework is not implicated. Petitioner has not alleged that he requested an administrative stay of removal pursuant to § 1227(d)(1), that Respondents denied such a request, or that Respondents failed to make the statutory determination identified by the California court. (*See* ECF Nos. 1, 3, 7, 9, 11.) Accordingly, Petitioner has not demonstrated that the statutory violation addressed in that case is implicated by the facts presented here.

Finally, Petitioner argues that Respondents violated his Fifth Amendment rights and the Administrative Procedures Act by acting arbitrarily and capriciously and by failing to follow required procedures when taking him into custody. (ECF No. 11.) The Court has considered those

---

[1] The Court does not read *Immigrant Center for Women and Children* as holding that every individual with a pending U-visa application is entitled to relief from detention. Rather, the court analyzed specific statutory claims arising under 8 U.S.C. § 1227(d)(1), which governs requests for administrative stays of removal by certain U- and T-visa applicants. The court concluded that plaintiffs were likely to succeed on their claim that DHS violated § 1227(d)(1) by denying requested administrative stays without first making the *prima facie* determination required by the statute. Accordingly, the pertinent inquiry is not merely whether an individual has a pending U-visa application, but whether the statutory procedures prescribed by § 1227(d)(1) were triggered and, if so, whether DHS complied with those procedures.

4

claims.  Petitioner has not demonstrated that Respondents lacked authority to detain him pursuant to his final order of removal.  Nor has Petitioner identified any binding regulation or statutory provision that was violated in a manner that deprived Respondents of the authority to detain him.

Thus, Petitioner has not demonstrated a clear error of law or fact, newly discovered evidence, an intervening change in controlling law, or extraordinary circumstances warranting relief under Rule 60(b).  Accordingly,

**IT IS** on this 16th day of July, 2026,

**ORDERED** that Petitioner's Emergency Motion for Reconsideration (ECF No. 11) is **DENIED**; and it is further

**ORDERED** that Petitioner's requests for immediate release, return to New Jersey, and return of personal documents and property are **DENIED**; and it is further

**ORDERED** that Petitioner may seek to reopen this matter upon a material change in circumstances, including the presentation of new facts or legal authority demonstrating that his continued detention is unlawful or that he is otherwise entitled to habeas relief; and it is further

**ORDERED** that the Clerk shall maintain the closure of this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**